USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                           :
In re Application of                              :
                                                           :
STENN ASSETS UK LIMITED,           :
                                                           :        20-MC-131 (VSB)
------------------------------------------------------------X

# ORDER

VERNON S. BRODERICK, United States District Judge:

At the conference scheduled for October 28, 2020, Stenn Assets UK Ltd., should be prepared to address the following questions related to the decisions in *In Re Application to Obtain Discovery for Use in Foreign Proceedings, Abdul Latif Jameel Transportation Company Limited v. FedEx Corporation*, 939 F.3d 710 (6th Cir. 2019) and *In Re Guo*, 965 F.3d 96 (2d Cir. 2020):

1. Dubai International Financial Centre-London Court of International Arbitration ("DIFC-LCIA"):

    a. Is the DIFC-LCIA funded or run by the government of Dubai or any other government?
    b. Who is in charge of everyday operations of the DIFC-LCIA, government employees or private employees?
    c. Does any government pay the salaries and fees of the arbitrators and DIFC-LCIA staff members, or do the private parties that are arbitrating pay a fee that covers those costs?

2. After a decision is rendered by the DIFC-LCIA, can that decision be appealed to a court? If so, can the court address the substance of the decision in light of Articles 29.1 ("The determinations of the LCIA Court with respect to all matters relating to the arbitration shall be conclusive and binding upon the parties and the Arbitral Tribunal, unless otherwise directed by the LCIA Court") and 29.2 ("To the extent permitted by any applicable law, the parties shall be taken to have waived any right of appeal or review in respect of any determination and decision of the LCIA Court to any state court or other legal authority.")?

3. Can any two parties avail themselves of arbitration in front of the DIFC-LCIA without identifying/relying on a provision in a contract specifying that disputes should/must be arbitrated?

4. Article 5 of the DIFC-LCIA Rules (Doc. 4-30) indicates that arbitrators are private individuals who apply to arbitrate disputes and are selected by the LCIA-Court. Is that correct? Is there a pool of arbitrators that have been approved by the LCIA-Court to choose from? Can any individual apply to be an arbitrator?

5. The Sixth Circuit held that the DIFC-LCIA was a private entity. The Second Circuit in *Guo*, although not opining on whether DIFC-LCIA was a private or public entity, specifically disagreed with Sixth Circuit's decision that private arbitrations are considered foreign tribunals, implying that the DIFC-LCIA is a private arbitral body. Although the Sixth Circuit decision is not binding, why should I find differently? Has anything changed since the Sixth Circuit decision that would impact the analysis concerning whether the DIFC-LCIA is a private arbitral body?

6. Are there any other courts that have considered whether or not the DIFC-LCIA is a private arbitral body?

7. The Sixth Circuit describes the DIFC-LCIA as "a joint venture of the London Court of International Arbitration and the DIFC Arbitration Institute." Does the nature of the joint venture show that the entity is private, and not public?

SO ORDERED.

Dated: October 27, 2020
      New York, New York

Vernon S. Broderick
United States District Judge